# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:01-CR-503-02-RWS |
| WILLARD LEE JOHNSON, II, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Reduction of Sentence [103]. On October 11, 2001, Defendant entered a negotiated plea to Count One of the Indictment which charged Defendant with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and Count Two of the Indictment which charged Defendant with using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On December 20, 2001, Defendant was sentenced to a term of imprisonment of 46 months on Count One and a term of imprisonment of 120 months on Count Two. The terms are to be served consecutively for a total of 166 months.

On September 16, 2002, Defendant filed a Motion to Modify Sentence pursuant to 18 U.S.C. § 3582. On October 17, 2002 [71], the Court entered an

AO 72A
(Rev.8/82)

order denying Defendant's Motion to Modify Sentence. On December 9, 2002, Defendant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. On January 29, 2003 [76], the Court entered an order denying Defendant's Motion to Vacate Sentence. On August 23, 2004, Defendant filed a Motion for Leave to File Amendment to his Motion to Vacate and Set Aside Judgment and Conviction. On September 7, 2004 [93], the Court entered an order denying Defendant's Motion for Leave to File Amendment. Defendant also filed a motion with the Eleventh Circuit Court of Appeals seeking to compel this Court to reinstate his appeal for the denial of his 28 U.S.C. § 2255 motion. The Court of Appeals found Defendant's motion to be frivolous and denied his Motion to Proceed *in Forma Pauperis*. Plaintiff then sought leave to file a successive motion to vacate, which this Court denied on February 11, 2005 [97].

Plaintiff filed the present Motion on January 30, 2006. In this Motion, Defendant argues that he is entitled pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to re-challenge his conviction and sentence. Rule 60(b), however, "is not an appropriate vehicle for attacking a sentence . . . ." See, e.g., Salcedo v. United States, No. 96 CR.371 DLC, 2003 WL 22137983, at *1 (S.D.N.Y. Sept. 17, 2003). Rather, the proper procedural mechanisms for

2

challenging the correctness of a criminal sentence imposed by a federal court are Federal Rule of Criminal Procedure 35(a) and 28 U.S.C. § 2255.

Here, it is plain that Rule 35(a) is unavailable to Petitioner. That Rule allows for the "correct[ion of] a sentence that resulted from arithmetical, technical, or other clear error[,]" and permits a court to effect such correction only "[w]ithin 7 days after sentencing[.]" FED. R. CRIM. P. 35(a).

Instead, Petitioner's sole remedy lies in § 2255 in a motion attacking a "sentence . . . imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255. But to file a second or successive Section 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. U.S., 233 F.3d 1211, 1216 (11th Cir. 2003). Defendant has not obtained certification from the Court of Appeals, and thus this Court does not have jurisdiction to consider Defendant's Motion.

Based on the foregoing, Defendant's Motion for Reduction of Sentence [103] is hereby **DENIED**.

3

**SO ORDERED** this  5th  day of December, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)